# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**  : | |
| : | Criminal No.  1:10-CR-00334 |
| v.               : | |
| : | (Judge Rambo) |
| **MICHAEL WAYNE COOK**,       : | |
| : | |
| Defendant.        : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government respectfully requests the Court to include the attached instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Dated: March 29, 2011

s/ Wesley P. Page
WESLEY P. PAGE
Assistant United States Attorney
Wesley.Page@usdoj.gov
WV10529
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17108
Telephone: (717) 221-4482
Facsimile: (717) 221-2246

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

## STIPULATION OF FACT

The Government and the defendant have agreed that:

The Defendant was convicted of a felony that is an offense under State law that would constitute a crime of violence as defined in 18 U.S.C. § 16 if it occurred within the special maritime and territorial jurisdiction of the United States. This felony conviction occurred prior to the time Defendant is alleged to have possessed the body armor as charged in the Indictment. The Defendant is therefore prohibited under 18 U.S.C. § 931 from purchasing, owning, or possessing body armor as that term is defined in 18 U.S.C. § 921(a)(35).

You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions § 4.02.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness' testimony in court;

(7) Whether the witness' testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.  You may decide that the testimony is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions § 1.10.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

### "BODY ARMOR" DEFINED

The term "body armor" means any product sold or offered for sale, in interstate or foreign commerce, as a personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment.

_____

**AUTHORITY:**   Title 18, United States Code, Section 921(a)(35).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

## FELON IN POSSESSION OF BODY ARMOR - 18 U.S.C. § 931

Count I of the indictment charges the defendant, Michael Wayne Cook, with being a felon in possession of body armor, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Michael Wayne Cook has been convicted of a felony, that is, a crimepunishable by imprisonment for a term exceeding one year, that is a crime of violence or an offense under State law that would constitute a crime of violence if it occurred within the special maritime and territorial jurisdiction of the United States;

Second: That after this conviction, Michael Wayne Cook knowingly possessed body armor as charged in the indictment; and

Third: That the body armor was sold or offered for sale in or affecting interstate or foreign commerce.

_____

**AUTHORITY:**   Cf. Third Circuit Model Jury Instructions, § 6.18.922G.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### PROOF OF PRIOR CONVICTION

The parties have stipulated that Michael Wayne Cook was convicted of a crime in state court that would constitute a crime of violence of it occurred within the special maritime and territorial jurisdiction of the United States and that this crime is punishable by imprisonment for a term exceeding one year.  The parties have also stipulated that this felony conviction occurred prior to the time that he is alleged to have possessed the body armor charged in the indictment.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.922G-2.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### EVIDENCE OF PRIOR CONVICTION

You heard evidence through a stipulation that the defendant was convicted before this incident of a crime in state court that would constitute a crime of violence of it occurred within the special maritime and territorial jurisdiction of the United States and that this crime is punishable by imprisonment for a term exceeding one year.  This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of body armor by a violent felon as set forth in the indictment.  You are not to speculate as to the nature of the conviction.  You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the body armor that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on March 18, 2007, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned.  You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.922G-3.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

## KNOWING POSSESSION

To establish the second element of the offense, the government must prove that Michael Wayne Cook possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that Michael Wayne Cook physically held the firearm, that is, had actual possession of it. As long as the firearm was within Michael Wayne Cook's control, he possessed it. If you find that Michael Wayne Cook either had actual possession of the body armor or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that he had the ability to take actual possession of the object when he wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses body armor, that is sole possession. However, more than one person may have the power and intention to exercise control over body armor. This is called joint possession. If you find that Michael Wayne Cook had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Mere proximity to the body armor or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the body armor is not required.

The government must prove that Michael Wayne Cook knowingly possessed the body armor described in the indictment.  This means that he possessed the body armor purposely and voluntarily, and not by accident or mistake.  It also means that he knew the object was body armor.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.922G-4.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

## IN OR AFFECTING INTERSTATE COMMERCE

The government must prove beyond a reasonable doubt that the body armor specified in the indictment was in or affecting interstate or foreign commerce. This means that the government must prove that at some time before the defendant's possession, the body armor had traveled in interstate or foreign commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the body armor crossed a state line or the United States border. The government does not need to prove that Michael Wayne Cook himself carried it across a state line or the border, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that Michael Wayne Cook knew that the body armor had traveled in interstate commerce.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.922G-5.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

## CONSENSUAL AUDIO RECORDINGS

During the trial you heard audio recordings of conversations with the defendant made without his knowledge. These recordings were made with the consent and agreement of James Lewis, one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 4.04.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10
## CREDIBILITY OF WITNESSES - TESTIMONY OF INFORMER

You have heard evidence that James Lewis has an arrangement with the government under which he gets paid for providing information to the government. James Lewis's testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who gets paid for providing information to the government, but you should consider the testimony of James Lewis with great care and caution. In evaluating James Lewis's testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine whether or not James Lewis's information or testimony may have been influenced by his arrangement with the government.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 4.20.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

## FALSE EXCULPATORY STATEMENTS

You have heard testimony that Michael Wayne Cook made certain statements outside the courtroom to law enforcement authorities in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that Michael Wayne Cook made a false statement in order to direct the attention of the law enforcement officers away from himself, you may, but are not required to conclude that Michael Wayne Cook believed that he was guilty. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. You may not, however, conclude on the basis of this alone, that Michael Wayne Cook is, in fact, guilty of the crime for which he is charged.

You must decide whether or not the evidence as to Michael Wayne Cook shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence.  In your evaluation, you may consider that there may be reasons – fully consistent with innocence – that could cause a person to give a false statement that he did not commit a crime.  Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 4.31.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal No. 1:10-CR-00134 |
| v.    : | |
| : | (Judge Rambo) |
| **MICHAEL WAYNE COOK**, : | |
| : | |
| Defendant.    : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Tuesday, March 29, 2011, he served a copy of the foregoing

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

by electronic means sent to the Defendant's attorney at the following address:

Addressee:
Thomas A. Thornton
Thomas_Thornton@fd.org

                                          s/ Wesley P. Page
                                          WESLEY P. PAGE
                                          Assistant United States Attorney