IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:10-CR-334 |
| v. | : | |
| MICHAEL WAYNE COOK | : | (Judge Rambo) |

## O R D E R

Before the court are two motions in limine. One filed by the government to preclude evidence of the Defendant's restoration of rights form, (Doc. 25), and one filed by Defendant to exclude irrelevant, inflammatory and unfairly prejudicial testimony, (Doc. 23). The court will address each of these in turn.

### A. Governments motion in limine to exclude evidence of the Defendant's restoration of rights form.

The government argues that the restoration of rights form Defendant received after completing a state prison sentence should be excluded because the form does not restore Defendant's right to purchase, own or possess body armor, and is therefore irrelevant. Defendant counters that it goes to the *mens rea* of the crime showing that he did not "knowingly" possess such illegal body armor within the meaning of the statute. The court agrees with the government.

Defendant has been charged under 18 U.S.C. § 931 which states, in relevant part, "[I]t shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is . . . a crime of violence . . . ." 18 U.S.C. § 931.

Although the government is required to prove the defendant "knowingly" possessed body armor, the government is not required to show the defendant possessed the body armor "knowing" it was against the law for him to do so.

> The requirement that the government must show that the defendant "knowingly possessed a firearm" means only that the government must prove the defendant's awareness that he possessed the firearm; the government need not demonstrate that the defendant possessed the firearm with an intent to cause harm, or with knowledge that such possession was unlawful.

*United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).[1]

Defendant spends most if his brief arguing that the restoration of rights form is admissible to show Defendant did not act "knowingly" when he possessed the body armor. To the extent Defendant seeks to have this evidence introduced to prove he did not know it was a crime, the argument is misplaced as this is not an element of the government's case. *See Dodd, supra.* On the other hand, if the Defendant would like to introduce the form to prove he did not knowingly *possess* the body armor, the court fails to see the correlation between having received the form and possessing the body armor, and Defendant's briefing does nothing to elaborate on the issue. Therefore, the motion will be granted.

In a two sentence argument at the end of his brief Defendant contends that the form is admissible to show that the possession of body armor by Defendant was not actually "unlawful." Neither party cites to any controlling authority on the subject, and an independent review by the court was no more successful. However,

---

[1] Although *Dodd* involved possession of a firearm by a felon, the court sees no reason, and the parties do not suggest, that the same analysis would not apply to a felon not to possess body armor.

the plain reading of the form does not indicate it restored Defendant's federal right to possess body armor, instead it reads: "Pursuant to Minnesota Statute, Section 609.165, you are restored to all civil rights and full citizenship, with full right to vote and hold public office, the same as if such conviction had not take place." (Doc. 26-1, Minn. Dep't of Corr., Notice of Sentence Expiration and Restoration to Civil Rights, Nov, 23, 1996.)  Having your right to possess body armor restored after serving a state sentence and receiving a restoration of rights form is not a listed exception to 18 U.S.C. § 931, and the court is not willing to read such an exception into the statute without authority to do so.  As such, the motion will be granted on this ground as well.

**B.     Defendant's motion in limine to exclude irrelevant, inflammatory and highly prejudicial testimony and evidence.**

Defendant moves to exclude any evidence of his involvement with white supremacist organizations.  The government concedes that it does not intend to use such information in its case-in-chief, but asks to reserve the right to use the information in cross-examination and rebuttal should Defendant open the door.  The court will grant Defendant's motion; however, the government is permitted to attempt to introduce the evidence on cross-examination or rebuttal should Defendant open the door.

AS SUCH, in accordance with the above, **IT IS HEREBY ORDERED THAT**:

1) The government's motion in limine to preclude evidence of the Defendant's restoration of rights form (Doc. 25) is **GRANTED**.

2) Defendant's motion in limine to exclude irrelevant, inflammatory and unfairly prejudicial testimony (Doc. 23) is **GRANTED**.

s/Sylvia H. Rambo
United States District Judge

Dated: March 31, 2011.